UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEOZILLA INC.,<br><br>　　　　Defendant. | Case No. 21-cv-07073-HSG<br><br>**ORDER GRANTING MOTION FOR SUBSTITUTE SERVICE**<br><br>Re: Dkt. No. 14 |

Plaintiff Social Positioning Input Systems LLC ("SPIS") initiated this patent infringement lawsuit against Defendant Geozilla Inc. on September 13, 2021. *See* Dkt. No. 1. Pending before the Court is Plaintiff's Motion for Substitute Service. *See* Dkt. No. 14. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law generally permits substitute service on a defendant if the plaintiff, acting with "reasonable diligence," cannot complete personal service. *See* Cal. Civ. Proc. Code § 415.20(b). More specifically, a court may authorize a plaintiff to execute service on a defendant corporation by delivering service to the Secretary of State if the corporation's agent for the purpose of service of process "cannot with reasonable diligence be found" and it is shown to the satisfaction of the court that process against a domestic corporation "cannot be served with reasonable diligence upon the designated agent[.]" Cal. Corp. Code § 1702.

The burden is on the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts. *Evartt v. Superior Ct.*, 89 Cal. App. 3d 795, 801,

152 Cal. Rptr. 836, 839 (1979). "No single formula nor mode of search can be said to constitute due diligence in every case." *Id.* (citations omitted). "Perfunctory efforts" to personally serve the defendant do not satisfy the "reasonable diligence" prerequisite. *See id.* at 802. But ordinarily, "two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Davis v. Koz*, No. 218-CV-06597, 2021 WL 2669568, at *6 (C.D. Cal. June 2, 2021) (quoting *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391-92 (1992)).

Here, the Court finds that Plaintiff exercised reasonable diligence to serve Defendant personally before resorting to substitute service. Plaintiff first attempted to serve Defendant on September 13, 2021, at Defendant's address on file with the California Secretary of State. *See* Mot. at 4. That address was verified as recently as March 1, 2021, in a California Secretary of State filing titled "Statement of Information No Change." *See* Dkt. No. 14-3. Plaintiff then attempted to serve Defendant a second time on October 13, 2021, at a second location, but was told that the Defendant had also moved from that office. *See* Dkt. No. 14-2. In light of Plaintiff's multiple attempts to serve Defendant, one of which at a location verified with the California Secretary of State just six months prior, the Court finds that Plaintiff acted with "reasonable diligence" but nevertheless cannot complete personal service on Defendant.

Plaintiff's Motion for Substitute Service is therefore **GRANTED.** The Court **DIRECTS** Plaintiff to execute substitute service in accordance with California Corporations Code § 1702.

**IT IS SO ORDERED.**

Dated: 12/13/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge