Jon Cieslak (268951)
jon.cieslak@bonalawpc.com
Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
(858) 964-2301 (fax)

*Counsel for Defendant GeoZilla Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| Social Positioning Input Systems, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GeoZilla Inc., <br><br> Defendant. | Case No. 4:21-cv-07073-HSG <br><br> **GEOZILLA INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: June 2, 2022 <br> Time: 2:00 p.m. <br> Courtroom: Hon. Haywood S. Gilliam, Jr. |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION...................................................................................... 2

II.   BACKGROUND AND STATEMENT OF FACTS..................................... 3

    A. *Rothschild* Patent Applications: Application Embodiments..................... 3

    B. *Rothschild '890* Patent Application: Prosecution History...................... 6

    C. *Rothschild '193* Patent Application: Prosecution History...................... 8

    D. Plaintiff SPIS: GPS Tracker Application/GPS Tracker Device............... 9

    E. Defendant GeoZilla: GPS Tracker Application/GPS Tracker Device..................... 10

III.  ARGUMENT........................................................................................ 11

    A. Federal Rule of Civil Procedure 12(b)(6)............................................. 11

    B. Failure to State a Claim................................................................... 13

IV.  CONCLUSION..................................................................................... 15

# **TABLE OF AUTHORITIES**

## **Cases**

Page(s)

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................ 2, 11, 12, 13

*Bell v. Twombly,*
    550 U.S. 544 (2007) ............................................................................ 2, 11, 12, 13

*Bot M8 LLC v. Sony Corp.of Am.,*
    4 F.4th 1342 (Fed. Cir. July 13, 2021) ................................................ 11, 12

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
    888 F.3d 1256 (Fed. Cir. 2018) ........................................................... 12

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ............................................................................... 13

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.,*
    714 F.3d 1277 (Fed. Cir. 2013) ........................................................... 12

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005)............................................................... 2

*Lifetime Indus., Inc. v. Trim-Lok, Inc.,*
    869 F.3d 1372 (Fed. Cir. 2017) ........................................................... 12

*Skinner v. Switzer,*
    562 U.S. 521 (2011) ............................................................................. 11

## **RULES AND STATUTES**

35 U.S.C. § 102 ............................................................................................ 7

35 U.S.C. § 103 ............................................................................................ 8

35 U.S.C. § 271 ............................................................................................ 1

Fed. R. Civ. P. 8 .......................................................................................... 11

Fed. R. Civ. P. 12 ........................................................................................ 1, 6, 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on June 2, 2022 at 2:00 p.m. or as soon thereafter as the matter may be heard in this Court, located at Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant GeoZilla Inc. (the "Defendant GeoZilla") will and hereby does move the Court to dismiss Plaintiff Social Positioning Input Systems, LLC's (the "Plaintiff SPIS") Complaint (Dkt. 1) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to plead facts that are plausible that the Defendant GeoZilla infringes the claims of U.S. Patent No. 9,261,365 to *Rothschild* (the "*Rothschild* '365 Patent") (Dkt. 1, ¶¶ 30–47) under 35 U.S.C. § 271. This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Darrin Blaine, pleadings, all matters of which the Court may take judicial notice and any other arguments or evidence that may be presented in support of this Motion.

## STATEMENT OF RELIEF REQUESTED

This Motion seeks to demonstrate the Plaintiff SPIS did not allege plausible facts in the Complaint that claims 1–15 of the *Rothschild* '365 Patent are infringed by Defendant GeoZilla under 35 U.S.C. § 271. The Defendant GeoZilla requests that this Court dismiss the Plaintiff' SPIS' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), because the Complaint fails to plead facts that are plausible that the Defendant GeoZilla infringes claims 1–15 of the *Rothschild* '365 Patent under 35 U.S.C. § 271 in view of a prosecution history of a family of patent applications including the patent application of the *Rothschild* '365 Patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On September 13, 2021, Plaintiff SPIS filed a Complaint with this Court accusing Defendant GeoZilla of infringing at least independent claim 1 of U.S. Patent No. 9,261,365 to *Rothschild* (the "*Rothschild* '365 Patent"). Dkt. 1, ¶¶ 30–47. The Court should dismiss the claim because it does not plausibly allege infringement. Indeed, Plaintiff brings its claims against technology that its patent application ***specifically disavowed***, and it can never plausibly allege infringement.

The prosecution history of the *Rothschild* Patent Applications establishes that the *Rothschild* '365 Patent is limited to technology that shares ***address*** information, i.e. by sending address information from one device to another, rather than sharing Global Positioning System (the "GPS") coordinate information or other location information. Accordingly, to plead infringement, Plaintiff must allege facts showing that GeoZilla shares ***address*** information between devices, rather than some other form of location information. But the Complaint's allegations about this material fact are entirely conclusory and insufficient to under the *Twombly/Iqbal* standard. Indeed, GeoZilla's website—which Plaintiff identifies as the source of its allegations (and thereby incorporates by reference)[1]—demonstrates that GeoZilla does not share address information. Accordingly, the Court should find that the Plaintiff's infringement allegations are insufficient and dismiss the Complaint.

---

1.      *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005).

## I.      BACKGROUND AND STATEMENT OF FACTS

### A.      *Rothschild* Patent Applications: Application Embodiments

The *Rothschild* Patent Applications are entitled "Device, system and method for remotely entering, storing and sharing addresses for a positional information device" and the Detailed Description of the *Rothschild* Patent Applications describes various application embodiments of the devices, systems and methods disclosed in the *Rothschild* Patent Applications.

A first application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle operating a GPS device therein to request an address of a point-of-interest location from a service operator of a server storing the address of the point-of-interest location. In response thereto, the service operator inputs the address of the point-of-interest location into a server, which (a) resolves the inputted address of the point-of-interest location into coordinates of the point-of-interest location and (b) transmits the resolved coordinates of the point-of-interest location to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 12, lines 9-26.

A second application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle operating a GPS device therein to request assistance from a service operator of a server to identify an address of a point-of-interest location. In response thereto, (a) the service operator identifies the address of the point-of-interest location as stored in the server via a discussion with the driver about the point-of-interest location, (b) the server resolves the identified address of the point-of-interest location into coordinates of the point-of-interest location and (b) the server transmits the resolved coordinates of the

point-of-interest location to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 12, lines 27–39.

A third application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle operating a GPS device therein to request assistance from a service operator of a server to determine an accurate address of a point-of-interest location. In response thereto, (a) the service operator determines an accurate address of the point-of-interest location as stored in the server via a discussion with the driver about information of the point-of-interest location, (b) the server resolves the accurate address of the point-of-interest location into coordinates of the point-of-interest location and (c) the server transmits the resolved coordinates of the point-of-interest location to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 12, line 40 to column 13, line 2.

A fourth application embodiment of the *Rothschild* Patent Applications involves a user of a computer planning an itinerary of a trip to multiple point-of-interest locations. A GPS application stored on the computer (a) resolves the addresses of the planned point-of-interest locations into coordinates of the point-of-interest locations and (b) transmits the resolved coordinates of the point-of-interest locations to a GPS device in a vehicle of the computer user. Alternatively, the fourth application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle operating a GPS device therein to request assistance from a service operator of a server to identify addresses of point-of-interest locations within an itinerary stored within the GPS device of the vehicle. In response thereto, (a) the service operator identifies the addresses of the point-of-interest location as stored in the server, (b) the server resolves the identified addresses of the point-of-interest

locations into coordinates of the point-of-interest locations and (c) the server transmits the resolved coordinates of the point-of-interest locations to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 13, lines 3–17.

A fifth application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle booking a hotel reservation or a concert event via an online service that provides directions to an address of the hotel location or the concert event location. In response to receiving a link from the driver of a GPS device within the vehicle, the online service (a) resolves the identified address of the hotel location or the concert event location into coordinates of the hotel location or the concert event location and (b) transmits the resolved coordinates of the hotel location or the concert event location to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 13, lines 18–28.

A sixth and final application embodiment of the *Rothschild* Patent Applications involves a driver of a vehicle operating a GPS device therein to request an address(es) of point-of-interest stored within a remote GPS device in a different vehicle. In response to a service operator receiving this request and the driver having authorization to make the request, the service operator (a) looks up and retrieves the address(es) of the point-of-interest as stored on the remote GPS device and (b) transmits locations address(es) address(es) of the point-of-interest to the GPS device in the driver vehicle. Alternatively, in response to a service operator receiving this request and the driver having authorization to make the request, the service operator (a) looks up and retrieves the address(es) of the point-of-interest locations as stored on the remote server and (b) transmits the retrieved address(es) of the point-of-interest locations to the GPS device in the driver vehicle for

guidance purposes. In either case, the service operator may (a) resolve the retrieved address(es) of the point-of-interest locations into coordinates of the point-of-interest locations and (b) transmit the resolved coordinates of the point-of-interest locations to the GPS device in the driver vehicle for guidance purposes. *See* the *Rothschild* '365 Patent at column 13, lines 29–46.

Of importance to note is the sixth application embodiment of the *Rothschild* Patent Applications will be referred herein as "Address Sharing," which served as a basis for an allowance and an issuance of the *Rothschild* '365 Patent by the USPTO.

**B.    *Rothschild* '890 Patent Application: Prosecution History**

The scope of the original claims 1–41 of the *Rothschild* '890 Patent Application as originally filed at the USPTO recited limitations encompassing both (1) a request, a determination and a transmission of ***coordinates*** of a remote mobile positional information device for a real-time tracking by a local positional information device of a transient location of the remote mobile positional information device in view of the remote mobile positional information device not having an associated address (the "Device Tracking") and (2) a request, a determination and a transmission of ***coordinates*** of a point-of-interest location as stored in a remote positional information device that is shared with a local positional information device (the "Coordinate Sharing").[2] *See* Ex. 1: *Rothschild* '890 Patent Application at 29–35.

An example of a positional information device is a stand-alone GPS device or a computer/server incorporating a GPS device.

2.    All exhibits are attached to the Declaration of Darrin Blaine in Support of Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6), filed herewith.

During the prosecution of the *Rothschild* '890 Patent Application by the USPTO, claims 1–17 and 37 were withdrawn from consideration and claims 18–20, 22–26, 29–31, 35–36, 38–39 and 41 were rejected under 35 U.S.C. § 102(a) as being anticipated by U.S. Patent Application Publication No. US 2004/0228489 A1 to *Ishibashi* et al. (the "*Ishibashi* '489 Patent Application") based on a teaching by the *Ishibashi* '489 Patent Application directed to the Device Tracking. *See* Ex. 2: Non-Final Office Action of *Rothschild* '890 Patent Application, ¶¶ 4–5.

To obviate the 35 U.S.C. § 102(a) rejection of claims 18–20, 22–26, 29–31, 35–36, 38–39 and 41 as being anticipated by the *Ishibashi* '489 Patent Application, the Applicant of the *Rothschild* '890 Patent Application **did not** submit an argument that the *Ishibashi* '489 Patent Application failed to teach Device Tracking. Instead, the Applicant of the *Rothschild* '890 Patent Application cancelled claims 1–24 , amended claims 25–41 and added claims 42–44 to narrow the Coordinate Sharing limitations of claims 18–20, 22–26, 29–31, 35–36, 38–39 and 41 as originally filed to Address Sharing limitations encompassing (a) a request for **an address** of a location not stored in a positional information device, (b) a determination of **the requested address** of the location, and (c) a transmission of **the determined address** of the location to the positional information device. *See* Ex. 3: Amendment of *Rothschild* '890 Patent Application, at 4–8, 10–13.

Of importance to note is that the narrow claim coverage of Address Sharing as amended and added into the *Rothschild* '890 Patent Application served as a basis for an allowance and an issuance by the USPTO as U.S. Patent No. 7,917,285 B2 to *Rothschild (*the *"Rothschild* '285 Patent*")* as being patentable over the *Ishibashi* '489 Patent Application. *See* Ex. 4: U.S. Patent No. 7,817,285 B2.

C.     *Rothschild* '193 Patent Application: Prosecution History

The *Rothschild* '193 Patent Application was filed in the USPTO subsequent to the issuance of the *Rothschild* '285 Patent, and the original claims 1–15 of *Rothschild* '193 Patent Application were directed to Address Sharing limitations encompassing (a) a request from a first positional information device for ***an address*** of a location stored in a second positional information device, (b) a retrieval of ***the stored address*** of the location from the second positional device, and (c) a transmission of ***the retrieved address*** of the location to the first positional information device. *See* Ex. 5: *Rothschild* '193 Patent Application at 30–33.

During the prosecution of the *Rothschild* '193 Patent Application by the USPTO, claims 1–3, 6–10 and 12–14 were initially rejected under 35 U.S.C. § 103(a) as being unpatentable over U.S. Patent Application Publication No. US 2006/0041374 A1 to *Inoue* (the "*Inoue* '489 Patent Application") in view of U.S. Patent Application Publication No. US 2003/0126264 A1 to *Chithambaram* et al. (the "*Chithambaram* '264 Patent Application") and claims 4–5, 11 and 15 were initially rejected under 35 U.S.C. § 103(a) as being unpatentable over the *Inoue* '489 Patent Application in view of the *Chithambaram* '264 Patent Application and in further view of U.S. Patent Application Publication No. US 2003/0064245 A1 to *Knockeart* et al. (the "*Knockeart* '245 Patent Application"). *See* Ex. 6: Non-Final Office Action for *Rothschild* '193 Patent Application, ¶¶ 4–6, based on a teaching by *Ishibashi* '489 Patent Application directed to the Device Tracking; *see* Ex. 6: Non-Final Office Action of *Rothschild* '890 Patent Application, ¶¶ 4–5.

To obviate the 35 U.S.C. § 103(a) rejections of claims 1–15 as being unpatentable over the *Inoue* '489 Patent Application in view of the *Chithambaram* '264 Patent

Application and the *Knockeart* '245 Patent Application, and to clarify the scope of claims 1–15, the Applicant of the *Rothschild* '193 Patent Application finally amended claims 1–15 more narrowly recite Address Sharing limitations encompassing (a) a request from a requesting positional information device for ***an address*** of a location stored in one or more sending positional information devices, (b) a retrieval by a server of ***the stored address*** of the location from the second positional device(s), and (c) a receipt by the first positional information device of the ***retrieved address*** of the location from the server. *See* Ex. 7: Amendment C of *Rothschild* '890 Patent Application at 2–8.

Of importance to note again is the narrower claim coverage of Address Sharing as amended into the *Rothschild* '193 Patent Application served as a basis for an allowance and an issuance by the USPTO over the *Ishibashi* '489 Patent Application, the *Inoue* '489 Patent Application, the *Chithambaram* '264 Patent Application and the *Knockeart* '245 Patent Application.

**D.      Plaintiff SPIS: GPS Tracker Application/GPS Tracker Device**

The Plaintiff SPIS has submitted an Infringement Claim Chart for U.S. Patent No. 9,261,365 against GeoZilla as Exhibit 2 to the Complaint. *See* Dkt. 1, Ex. 2. More particularly, the Plaintiff SPIS attempts to demonstrate infringement of independent claim 1 of the *Rothschild* '365 Patent (1) by a GPS Tracker Application sold by GeoZilla, which allegedly serves as a requesting positional informational device as recited in independent claim 1 of the *Rothschild* '365 Patent and (2) by a GPS Tracker Device sold by GeoZilla, which allegedly serves as a sending positional informational device as recited in independent claim 1 of the *Rothschild* '365 Patent. In support of these infringement

allegations, Plaintiff SPIS cites various web pages of a website (http://geozilla.com/) hosted by the Defendant GeoZilla.

Plaintiff SPIS further asserts conclusory statements encompassing (a) a request from the GeoZilla GPS Tracker Application as stored on a mobile phone for **an address** of a location stored in the GeoZilla GPS Tracker Device, (b) a retrieval by a GeoZilla server of **the stored address** of the location from the GeoZilla GPS Tracker Device, and (c) a receipt by the GeoZilla GPS Tracker Application of the **retrieved address** of the location from the GeoZilla server.

### E.    Defendant GeoZilla: GPS Tracker Application/GPS Tracker Device

A careful review of column 5, lines 17–36 of the *Rothschild* '365 Patent reveals *Rothschild* '365 Patent teaches GPS technology may be employed to indicate the exact coordinates of a location of a device, and that the exact coordinates may be used to interact with a map to determine city, state and/or address of the location of the device.

A review of a "How Does GeoZilla Tracker Work? - GeoZilla" webpage of the website http://geozilla.com/ hosted by the Defendant GeoZilla reveals the GeoZilla GPS Tracker Device employs GPS technology and Cell ID technology to accurately track transient locations of the GeoZilla GPS Tracker Device. It further reveals the Defendant GeoZilla does not describe, teach or suggest the GeoZilla GPS Tracker Device interacting with a map to determine and store a city, a state and/or an address of a tracked location of the GeoZilla GPS Tracker Device. *See* Ex. 8: "How Does GeoZilla Tracker Work? - GeoZilla. In short, the GeoZilla GPS Tracker Device does not send **address** information.

Regarding the GeoZilla GPS Tracker Application, a review of a "How Does GeoZilla Tracker Work? - GeoZilla" webpage of the website http://geozilla.com/ hosted

by the Defendant GeoZilla reveals the GeoZilla GPS Tracker Application ***uses a mobile telephone's own geocoding system to provide the street address of a location***, it does not receive an address from the GPS Tracker Device. It further reveals the Defendant GeoZilla does not describe, teach or suggest the GeoZilla GPS Tracker Application requesting an address of a tracked location of the GeoZilla GPS Tracker Device as stored in the GeoZilla GPS Tracker Device. *See* Ex. 9: "How Does GeoZilla Tracker Work? - GeoZilla. In short, the GeoZilla GPS Tracker Application does not receive ***address*** information from the tracking device, it obtains it from the mobile telephone.

In summary, the GPS Tracker Device employs GPS technology and Cell ID technology to accurately track and share location information of the GeoZilla GPS Tracker Device with the GPS Tracker Application, and the application separately uses a mobile telephone's geocoding system to provide the street address of that location.

## III.   ARGUMENT

### A.   Legal Standard

As set forth in *Bot M8 LLC v. Sony Corporation of America*, as related to a claim of patent infringement, a Federal Rule of Civil Procedure 8(a)(2) "generally requires only a plausible 'short and plain' statement of the plaintiff's claim," showing that the plaintiff is entitled to relief. 4 F.4th 1342 (Fed. Cir. July 13, 2021); *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A plaintiff is not required to plead infringement on an element-by-element basis. *Bot M8*, 4 F.4th at 1352 ("The Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."); *see Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that a plaintiff need not plead every element, but must only give the alleged infringer fair notice of infringement). Instead, it is enough "that a complaint places the alleged infringer 'on notice of what activity is being accused of infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

The relevant inquiry under *Iqbal/Twombly* is whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In other words, a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content. *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The level of detail required in any given case will vary

depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device. Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. While the Supreme Court has said that "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, it has also indicated that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

### B.   Plaintiff Fails to State a Claim

Plaintiff SPIS cannot assert a plausible claim for infringement by merely reciting the claim elements of independent claim 1 of the *Rothschild* '365 Patent, and then concluding that the GeoZilla GPS Tracker Application and the GeoZilla GPS Track Device has those claim elements. The Complaint must also include some factual allegations that articulate why it is plausible that the GeoZilla GPS Tracker Application and the GeoZilla GPS Track Device infringe independent claim 1 of the *Rothschild* '365 Patent. But the Complaint lacks these factual allegations.

Furthermore, Plaintiff cannot plead plausible facts in light of the claims limitations of independent claim 1 of the *Rothschild* '365 Patent, which are directed to Address Sharing limitations encompassing (a) a request from a requesting positional information device for ***an address*** of a location stored in one or more sending positional information devices, (b) a

retrieval by a server of *the stored address* of the location from the second positional device(s), and (c) a receipt by the first positional information device of the *retrieved address* of the location from the server. This is particularly important here because the Address Sharing limitations of independent claim 1 of the *Rothschild* '365 Patent were the basis for an allowance and the issuance of the patent by the USPTO over the *Ishibashi* '489 Patent Application, the *Inoue* '489 Patent Application, the *Chithambaram* '264 Patent Application and the *Knockeart* '245 Patent Application.

Thus, the Complaint is required to have factual allegations supporting the conclusory statements by Plaintiff SPIS in the Complaint that the GeoZilla GPS Tracker Application and the GeoZilla GPS Track Device practice (a) a request from the GeoZilla GPS Tracker Application as stored on a mobile phone for *an address* of a location stored in the GeoZilla GPS Tracker Device, (b) a retrieval by a GeoZilla server of *the stored address* of the location from the GeoZilla GPS Tracker Device, and (c) a receipt by the GeoZilla GPS Tracker Application of the *retrieved address* of the location from the GeoZilla server. However, the Complaint lacks these allegations and GeoZilla's website —which is the foundation of the Complaint's allegations—actually shows that GeoZilla's technology shares *location* information rather than *address* information.

Furthermore, the Defendant respectfully asserts that GeoZilla's website fails to provide any facts that the GeoZilla GPS Tracker Application requests an address of a tracked location of the GeoZilla GPS Tracker Device as stored in the GeoZilla GPS Tracker Device, and fails to provide any facts that, in response to such a request, the GeoZilla GPS Tracker Device retrieves a stored tracked location of the GeoZilla GPS Tracker Device and the GeoZilla GPS Tracker Application receives the retrieved location of the GeoZilla GPS

Tracker Device. As such, the Complaint brings infringement claims against technology—the sharing of **location** information—that the *Rothschild* Patent Applications specifically disavowed.

Consequently, Plaintiff SPIS fails to plausibly allege that the GeoZilla GPS Tracker Application and the GeoZilla GPS Track Device infringe independent claim 1 of the *Rothschild* '365 Patent, and the Complaint should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant GeoZilla respectfully requests that the Court dismiss Plaintiff SPIS' Complaint for failure to state a claim upon which relief is granted. Further, because leave to amend the Complaint by Plaintiff SPIS would be futile, Defendant GeoZilla respectfully request dismissal with prejudice.

Respectfully submitted,

DATED: April 6, 2022

*s/Jon Cieslak*

JON CIESLAK (268951)
Bona Law PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589
jon.cieslak@bonalawpc.com

*Counsel for Defendant GeoZilla Inc.*